NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

DAVID BERREY, *Plaintiff/Appellant*,

*v.*

MARICOPA COUNTY, et al., *Defendants/Appellees*.

No. 1 CA-CV 25-0761
FILED 07-06-2026

---

Appeal from the Superior Court in Maricopa County
No. CV2024-014943
The Honorable Timothy J. Ryan, Judge, *Retired*

**AFFIRMED**

---

COUNSEL

Alexander R. Arpad Attorney at Law, Phoenix
By Alexander R. Arpad
*Counsel for Plaintiff/Appellant*

Maricopa County Attorney, Phoenix
By Wayne J. Peck, Kimberly D. Chamberlain, Max G. Carpinelli,
Joseph J. Branco, and Sean M. Moore
*Counsel for Defendant/Appellee Maricopa County*

Larson & Simpson PLC, Chandler
By Gregory J. Larson and John A. Salskov
*Counsel for Group KJEJ LLC, et al., Defendants/Appellees*

Dickinson Wright PLLC, Phoenix
By James T. Braselton and Vail C. Cloar
*Counsel for Real-Party-In-Interest City of Mesa*

---

**MEMORANDUM DECISION**

Presiding Judge David B. Gass[1] delivered the decision of the court, in which Judge Anni Hill Foster and Judge D. Andrew Gaona joined.

---

**G A S S**, Judge:

¶1         Plaintiff David Berrey bought property subject to a 1956 public dedication. In plain terms, public dedication under the common law occurs when a private landowner dedicates real property for proper public use (including use as a roadway) and the general public accepts it. *Pleak v. Entrada Prop. Owners' Ass'n*, 207 Ariz. 418, 423–24 ¶ 21 (2004). For more than 10 years and 3 earlier appeals, Berrey has been in litigation over that public dedication. Because the superior court did not abuse its discretion when it dismissed Berrey's claims against Maricopa County and denied Berrey's motions, the court affirms.

### FACTUAL AND PROCEDURAL HISTORY

¶2         In reviewing the grant of a motion to dismiss, the court looks only to the pleadings and "must assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts, but mere conclusory statements are insufficient." *State ex rel. Brnovich v. Ariz. Bd. of Regents*, 250 Ariz. 127, 130 ¶ 7 (2020) (citing *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 9 (2012)).

---

[1] Judge David B. Gass was a sitting member of this court when the matter was assigned to this panel of the court. He retired effective June 30, 2026. In accordance with the authority granted by Article VI, Section 3, of the Arizona Constitution, and under A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge David B. Gass as a judge pro tempore in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and for the duration of Administrative Order 2026-87.

### I. Berrey has been litigating the effect of a 1956 public dedication since 2015.

¶3        In 1956, Emanuel and Lilly Willis (collectively "Willis") executed and recorded a quit-claim deed conveying a portion of their land[2] to Maricopa County "for street purposes." *Cnty. Flood Control Dist. of Maricopa Cnty. v. Berrey*, No. 1 CA-CV 21-0247, 2022 WL 483907 (Ariz. App. Feb. 17, 2022) (*Berrey I*). Berrey later acquired a portion of the property subject to the Willis strip, so he became one of Willis's successors in interest. Berrey has been litigating issues about the Willis strip since 2015. Because Berrey's earlier litigation results in most of Berrey's claims against the County being precluded, the court discusses 3 of Berrey's 4 previous appeals.[3]

¶4        In 2015, Berrey sued the Willis estate to quiet title over the Willis strip and obtained a default judgment granting him ownership. *Id*. No other interested parties were named in that 2015 lawsuit, and no appeal was taken from the default judgment. *Id*. Two lawsuits followed.

¶5        In 1 lawsuit, the Flood Control District of Maricopa County sought declaratory relief seeking confirmation that properties subject to the Willis strip are "encumbered by an easement for street purposes dedicated to the public." *Berrey I*, 2022 WL 483907, at *1. Berrey objected, arguing the Willis strip was not subject to a public use easement. *Flood Control Dist. of Maricopa Cnty. v. Berrey*, 1 CA-CV 24-0363, 2025 WL 317105, at *1 (Ariz. App. Jan. 28, 2025), *review denied* (June 3, 2025) (*Berrey III*.) The superior court granted the Flood District's summary judgment motion over Berrey's objection. *Id*. Berrey appealed. In *Berrey I*, the court addressed the easement on the Willis strip. 2022 WL 483907, at *3. *Berrey I* ruled the Willis deed conveyed "all right, title, or interest" in the properties to the County for street purposes. *Id*. at *1, *2. *Berrey I* affirmed, ruling the Willis deed created a public dedication and created the public roadway easement. *Id*. Berrey later sought relief from that final judgment. *Berrey III*. The superior court denied his request, and the court again affirmed. *Id*.

---

[2] This memorandum decision will refer to the portion of land as the Willis strip.

[3] The court does not address the fourth because it involves an injunction against harassment a neighbor secured against Berrey, so it does not affect the substance of this appeal. *See Eureste v. Berrey*, 1 CA-CV 23-0813, 2025 WL 1080759, at *1 (Ariz. App. Apr. 10, 2025), *review denied* (Aug. 1, 2025).

¶6            In the other lawsuit, Milliman Investments, LLC—an owner who benefited from the public easement created by the Willis deed—sued Berrey seeking confirmation that the Willis strip was subject to a public roadway easement after Berrey refused to quitclaim such an easement. *Milliman Inv., LLC v. Berrey*, 1 No. CA-CV 23-0772, 2024 WL 4892027, at *1 (Ariz. App. Nov. 26, 2024) (*Berrey II*). Berrey answered and counterclaimed against Milliman for various tort claims. *Id.* In *Berrey II*, the court determined the Willis deed offered, and the public accepted, the Willis's public dedication of the Willis strip as a public roadway easement. *Id.* at *4.

## II.     The present litigation began in 2024 and marks Berrey's fourth appeal regarding the 1956 public dedication.

¶7            In 2024, Berrey filed the complaint at issue here. He sought declaratory and injunctive relief against neighboring landowners and the County—a separate entity from the Flood District. In December 2024, the County moved to dismiss Berrey's claims. The County argued issue preclusion barred Berrey's claims, Berrey lacked standing to seek declaratory relief, and Berrey's claims for injunctive relief were not ripe. The superior court granted the motion:

> The Court finds that [Berrey] has failed to state a claim for which relief can be granted. [Berrey] lacks standing to bring a Declaratory Judgment action. [Berrey's] current cause of action brings claims that are collaterally estopped based on final judgments in prior proceedings. This Court lacks authority to enjoin Maricopa County from issuing permits. As the Court will be granting the motion, there is no basis to consider [Berrey's] request for Attorneys' Fees.

¶8            In May 2025, the superior court entered final judgment against Berrey. In August 2025, Berrey moved for a new trial and to amend the judgment under Rule 59(a)(2). The superior court denied Berrey's motion:

> Rather than file a Motion for Reconsideration, [Berrey] filed a Motion to Amend Complaint one month after the claims against Maricopa County were dismissed. [Berrey's] Motion to Amend Complaint was untimely and filed only after the Court issued its dispositive ruling. Moreover, [Berrey] did not comply with A.R.S. §12-821.01(E). The counts in [Berrey's] untimely amended complaint are barred under the doctrine of Issue Preclusion as well.

¶9 The court has jurisdiction over Berrey's timely appeal under Article VI, Section 9, of the Arizona Constitution and A.R.S. §§ 12-2101.A.1 and -1201.

## DISCUSSION

¶10 On appeal, Berrey raises 5 challenges. He argues: (1) issue preclusion does not bar his claims against the County, (2) he has standing to seek declaratory relief, (3) his claims for injunctive relief are ripe, (4) his motion to amend was timely, and (5) his Rule 59 motion was timely.

### I. The superior court did not err when it granted the County's motion to dismiss because issue preclusion barred Berrey's fee ownership claims against the County.

¶11 The court reviews dismissal of a complaint *de novo. State ex rel. Brnovich*, 250 Ariz. at 130 ¶ 7 (citing *Coleman*, 230 Ariz. at 355 ¶ 7). The court should dismiss "only if as a matter of law [] plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *Id.* (quoting *Fid. Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, 224 ¶ 4 (1998)). The court will affirm a "dismissal if the superior court was correct for any reason." *Goldman v. Sahl*, 248 Ariz. 512, 529 ¶ 56 (App. 2020) (citing *Ariz. Real Est. Inv., Inc. v. Schrader*, 226 Ariz. 128, 130 ¶ 10 (App. 2010)).

¶12 Berrey argues issue preclusion does not apply because no court has resolved who owns fee title to the Willis strip. The County says Berrey's argument misses the point. The County agrees the fee ownership remains unresolved between Berrey and the neighboring property owners. But the County says Berrey is barred from making this argument against the County because previous decisions resolved its ownership interest—not once but twice. *See Berrey I*, 2022 WL 483907, at *1 and *Berrey II*, 2024 WL 4892027, at *1. The County argues those decisions are final and established the Willis Deed constituted a common law public dedication to the County for a public roadway easement, which means the County never acquired fee title. The County is correct.

¶13 The court reviews *de novo* the application of issue preclusion. *Legacy Found. Action Fund v. Citizens Clean Elections Comm'n*, 254 Ariz. 485, 490 ¶ 16 (2023). Issue preclusion "prevents a party from relitigating issues of fact or law." *Id.* at 492 ¶ 24.

¶14 To prevail, the party asserting issue preclusion must show:

(1) the issue at stake is the same in both proceedings; (2) the issue was actually litigated and determined in a valid and final judgment issued by a tribunal with competent jurisdiction; (3) the opposing party had a full and fair opportunity to litigate the issue and actually did so; and (4) the issue was essential to the judgment.

*Id.*

**¶15** Here, the parties litigated and the court resolved the effect of the Willis deed, ruling the Willis deed created a public dedication. When a landowner dedicates real property for public use, the dedicator retains fee title to the property but grants an easement to the general public for the specified use. *See Pleak*, 207 Ariz. at 421 ¶ 8–9. Public dedication is effective when there is an offer by the landowner to dedicate and an acceptance by the public. *Id.* at 423–24 ¶ 21. *Berrey I* held the record established Willis offered a public dedication and the public accepted it. 2022 WL 483907, at *2. In *Berrey II*, the court again held the Willis deed offered and the public accepted dedication as a public roadway easement because the deed reflected an intent to dedicate land to the public as a roadway. 2024 WL 4892027, at *3. Willis referenced the Willis deed in other conveyances, and the public used the easement for its intended purpose. *Id.* at *2.

**¶16** *Berrey I* and *Berrey II* thus resolved the nature of the Willis deed. Berrey had a full and fair opportunity to litigate the nature of the Willis deed, and that issue was essential to the decisions in *Berrey I* and *Berrey II*. The court thus precludes Berrey from arguing this issue again on appeal. *See Legacy Found. Action Fund*, 254 Ariz. at 490 ¶ 16.

**II. Because the County holds just an easement interest in the Willis strip, the superior court did not abuse its discretion when it granted the County's motion to dismiss Berrey's claims for declaratory relief because they were not ripe.**

**¶17** As a matter of law, the County holds an easement, but no fee interest, in the Willis strip. With that, no further declaratory relief is necessary to resolve whether the County holds a fee interest. Berrey thus lacks standing to pursue further declaratory relief on the issue.

**¶18** For Berrey to have standing to exist under Arizona's Uniform Declaratory Judgments Act, he must have "an actual controversy ripe for adjudication" and seek a declaration as to "parties with a real interest in the questions to be resolved." *Ariz. Creditors Bar Ass'n v. State*, 257 Ariz. 406, 410 ¶ 12 (App. 2024) (internal quotation marks omitted). "A justiciable

controversy exists if there is an assertion of a right, status, or legal relation in which the plaintiff has a definite interest and a denial of it by the opposing party." *Hunt v. Richardson*, 216 Ariz. 114, 125 ¶ 37 (App. 2007) (internal quotation marks omitted).

**¶19**        Berrey's proposed amendment to the complaint makes clear the absence of any dispute over the easement. In it, he acknowledges the final resolution of the easement's location in *Berrey II*: "The Court of Appeals corrected this aspect of the location of the easement in the memorandum decision issued in the Neighbor Case, Case No. 1 CA-CV23-0772."

**¶20**        Berrey's claim for declaratory relief against Maricopa County only concerns fee ownership of the 92nd St. Alignment. There is no real controversy between Maricopa County and any other person regarding current fee ownership of the 92nd St. Alignment because Maricopa County has no ownership interest or claim in it.

**¶21**        Berrey's complaint does not even allege the County has fee ownership interest in the Willis strip. Even, the complaint's prayer for relief asks the superior court to "[e]nter a declaratory or quiet title judgment that the County Highway described in Road File No. 5045 is dedicated county roadway and that Maricopa County accepted the Willis Deed and shall be responsible for maintaining, paving, and repairing the roadway." But that requested relief is contrary to the controlling precedent limiting the County's interest to that of an easement.

**¶22**        At bottom, the superior court did not err because the County—as a matter of law—holds no fee interest in the Willis strip, meaning Berrey lacks standing to pursue further declaratory relief on the issue.

**III. Because Berrey merely asked the superior court to order the County to follow the law, the superior court did not abuse its discretion when it granted the County's motion to dismiss Berrey's claims for injunctive relief.**

**¶23**        Berrey argues the superior court misconstrued his request for injunctive relief and says he requested "the Court to stop the County from unlawfully granting permits to third parties on Berrey's property without Berrey's involvement."

**¶24**        When the superior court dismissed Berrey's requested injunctive relief, it said: "This Court lacks authority to enjoin Maricopa

7

County from issuing permits." The County argues Berrey's request for injunctive relief is not ripe. The court agrees.

**¶25** The court reviews the denial of injunctive relief for abuse of discretion. *See Cnty. of Cochise v. Faria*, 221 Ariz. 619, 621 ¶ 6 (App. 2009). The court will not reverse the superior court's findings absent "a mistake of law" or clear error in determining the facts to the legal standard. *Shoen v. Shoen*, 167 Ariz. 58, 62 (App. 1990). And the court will not reweigh the evidence on appeal. *Hurd v. Hurd*, 223 Ariz. 48, 52 ¶ 16 (App. 2009).

**¶26** Under the ripeness doctrine, the superior court may not issue "a premature judgment or opinion on a situation that may never occur." *Fann v. State*, 251 Ariz. 425, 431 ¶ 11 (2021). A case is ripe when "the plaintiff has incurred an injury," and if "there is an actual controversy between the parties." *Id.* at 432 ¶ 12 (citing *Brush & Nib Studio, LC v. City of Phoenix*, 247 Ariz. 269, 280 ¶ 36 (2019)). The court generally will not "order a defendant to obey a law in the future." *W. Valley View, Inc. v. Maricopa Cnty. Sheriff's Off.*, 216 Ariz. 225, 228 ¶ 11 (App. 2007).

**¶27** Berrey's opening brief undermines any claim for injunctive relief by conceding that "Berrey is not requesting any specific injunction, and may never request any injunction at all depending on whether or not he owns the Willis Grant Strip." Berrey tries to resuscitate his claim in his reply brief, pointing the court to several paragraphs in his proposed amended complaint. Those paragraphs refer to other property owners trespassing on Berrey's property and submitting allegedly false information to the County to secure permits. He then seeks to enjoin the other property owners, not the County. But none of these allege any wrongdoing by the County. Berrey said the other property owners duped the County into issuing permits. And the court will not enjoin the County from being duped. Because the record includes no evidence the County planned to issue any permits, the superior court did not abuse its discretion when it dismissed Berrey's claims for injunctive relief. *See Dowling v. Stapley*, 218 Ariz. 80, 87 ¶¶ 21–23 (App. 2008) (saying the plaintiff must identify "some act" for the court to issue an injunctive relief).

**¶28** As a final point, Berrey seeks to have the County follow the law. Paragraph 60 says, "Plaintiff seeks an order enjoining the County from granting construction permits purporting to authorize any construction, clearing, grading, or other destructive activity on Plaintiff's property, except such as the Court finds lawful and proper in accordance with the declarations made under Count 1." At bottom, Berrey simply sought to

have the superior court order the County to follow the law, something Arizona courts do not do. *W. Valley View, Inc.*, 216 Ariz. at 228 ¶ 11.

## IV. The superior court did not abuse its discretion when it denied Berrey's motion to amend.

**¶29** Berrey argues the superior court abused its discretion in denying his untimely motion to amend his complaint. Under Rule 15, Arizona Rules of Civil Procedure, a party "may amend its pleading once as a matter of course . . . no later than 21 days after a responsive pleading is served." Ariz. R. Civ. P. 15(a)(1)(B). Any amendments after the 21-day window requires the superior court's permission. *Id.* The superior court then has sound discretion to deny in such circumstances. *In re Est. of Torstenson v. Valley Nat'l Bank*, 125 Ariz. 373, 376 (App. 1980). The superior court does not abuse its discretion by denying a motion to amend if it finds undue delay in the request, bad faith, undue prejudice to the opposing party because of the amendment, or futility in the amendment. *Id.*

**¶30** Berrey filed his initial complaint in June 2024. He did not seek to amend his complaint within Rule 15(a)(1)(B)'s 21-day window to amend his pleading as of right. Instead, he waited more than 6 months, seeking to amend in January 2025. The court recognizes Berrey did request the superior court to amend his complaint in his response to the County's motion to dismiss and the superior court never addressed his request. But by then, the superior court ruled on the County's motion to dismiss and entered judgment dismissing the County from the case. The superior court thus found his motion to amend was untimely. The superior court also implicitly found the amendment futile because it said, "the counts in [Berrey's] untimely amended complaint are barred under the doctrine of issue preclusion as well." Because both determinations were correct, the superior court did not abuse its discretion. *See id.*

### A. Berrey's proposed amendments did not cure any defects in his original complaint.

**¶31** Berrey argues his proposed amendments cured any defects in his original complaint. Not so. The changes in Berrey's proposed amended complaint were insufficient on their face to cure defects in his original complaint because of issue preclusion following *Berrey I* and *Berrey II*. *See In re Est. of Torstenson*, 125 Ariz. at 377 ("[W]hen the proffered amendment could not affect the outcome of the litigation, that is, when on its face it is legally insufficient.").

¶32 Berrey did not seek to amend his claims for declaratory relief. Berrey sought instead to add the following underlined portions of (1) factual allegations describing earlier litigation and recorded documents, and (2) allegations about the injunctive relief count:

26. The judgment in [*Berrey I and Berrey II*] also fail to address the fact that the southern entrance to any road along the Easement_would need to deviate from the path of the Easement across parcel number 219-30-011J (recently changed to 219-30-011X) owned by the City of Mesa in order to reach McDowell Road.

27. The deviation from the easement is necessary because of a box culvert within the boundaries of the Easement, blocking any connection with McDowell Road. On information and belief, the box culvert was placed in the Easement by the County despite the County's claim that a public road exists on the Easement alignment. Further judicial relief is necessary under any possible interpretation of the rights of the parties, even if Berrey does not prevail in any of the pending appeals.

. . .

30. By resolution recorded with the Maricopa County Recorder on August 14, 1987 as 1987-0516000, Maricopa County purported to abandon the west 10 feet of the East 40 feet of Lot 1 as described in the Willis Deed. This abandonment either evidences that Maricopa County owned the East 40 feet of Lot 1 as described in the Willis Deed at the time of the abandonment, or else the abandonment is invalid.

. . .

34. The East 40 feet of Lot 1 as described in the Willis Deed lies within the boundaries of the road alignment described in Road File NO. 5045.

. . .

71. Plaintiff seeks an order enjoining the County from granting construction permits purporting to authorize any construction, clearing, grading, or other destructive activity on Plaintiff's property, except such as the Court finds lawful and proper in accordance with the declarations made under

Count 1. <u>As against the County, Plaintiff only seeks to enjoin conduct that is demonstrably unlawful</u>.

¶33 First, none of these proposed amendments change the application of issue preclusion based on *Berrey I* and *Berrey II*. Those cases establish the County has no fee ownership interest in the Willis strip as a matter of law. The amendments thus are futile on that issue. *See In re Est. of Torstenson*, 125 Ariz. at 376. Second, Berrey's amendments make clear he is seeking injunctive relief to require the County to follow the law. Arizona courts do not issue injunctions ordering a party to obey the law. *See W. Valley View, Inc.*, 216 Ariz. at 228 ¶ 11.

### B. Berrey's new claims against the County, if allowed, would have created undue inconvenience and delay.

¶34 Berrey's proposed amended complaint added several new claims against the County for quiet title, inverse condemnation, abuse of process, and a tax refund. Berrey also sought to include the County in his existing slander of title claim. Because the amendments came 6 months into the litigation, Berrey needed leave from the superior court to amend. *See* Ariz. R. Civ. P. 15(a)(2).

¶35 Mere delay does not justify denying leave to amend. *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Id.* To justify denial of the motion, there must be "undue" delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments or prejudice to the opposing party. *See Spitz v. Bache & Co.*, 122 Ariz. 530, 531 (1979). "Prejudice is 'the inconvenience and delay suffered when the amendment raises new issues or inserts new parties into the litigation.'" *Id.*

¶36 Arizona has 2 cases in which the Arizona Supreme Court explains this issue: *Owen v. Superior Court*, 133 Ariz. 75 (1982) and *Carranza v. Madrigal*, 237 Ariz. 512 (2015). In *Owen*, a 26-month delay occurred because of difficulties locating and deposing a key witness and obtaining discovery. *Owen*, 133 Ariz. at 77. Because trial was still 6 weeks away at that point, and no further discovery would be required, the Arizona Supreme Court ruled the superior court abused its discretion in denying leave to amend based solely on delay. *Id.* at 81. In contrast, in *Carranza*, the Arizona Supreme Court concluded the superior court did not abuse its discretion when it denied Carranza's motion to amend because the opposing party was "'prejudiced by [a] lengthy and deliberate delay.'" *See Carranza*, 237

Ariz. at 515 ¶ 13–14 (affirming the superior court's denial of a motion to amend to substitute is not automatically an abuse of discretion). As *Carranza* held, the superior court does not abuse its discretion in denying a motion to amend when the amendment comes late and raises new issues requiring preparation for factual discovery not otherwise required or expected under the original complaint, thus requiring delay in resolving the case. *See id.* ¶ 13.

¶37 The facts here track *Carranza*, not *Owen*. The amended complaint sought to add counts against the County for quiet title, inverse condemnation, abuse of process, and tax refund. Each count would have expanded the litigation well beyond its original scope, would have required reopening the case as to the County, added time and expense to resolve the new claims, and created a substantial delay in moving the case forward—not just for the County but for the other parties too. These prejudicial effects would not be implicated if Berrey timely moved to amend. The superior court thus did not abuse its discretion when it denied Berrey's untimely motion to amend.

## V. The superior court did not abuse its discretion in denying Berrey's motion for relief under Rule 59 because it stated no viable grounds for relief.

¶38 Berrey argues the superior court abused its discretion when it denied his motion for a new trial under Rule 59. The court reviews the superior court's ruling on a Rule 59 motion for abuse of discretion. *See Am. Powder Prods., Inc. v. CSK Auto, Inc.*, 239 Ariz. 151, 154 ¶ 10 (2016). The superior court abuses its discretion when its judgment is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Quigley v. City of Tucson*, 132 Ariz. 35, 37 (App. 1982).

¶39 In its minute entry ruling, the superior court denied Berrey's Rule 59 motion because his amended complaint "failed to cure any deficiencies in the original complaint." The superior court further found the amended complaint included untimely claims against the County. The court agrees. True, Berrey filed his Rule 59 motion within 15 days after entering judgment. But his motion contained untimely claims against the County. The superior court thus did not abuse its discretion. *See Am. Powder Prods., Inc.*, 239 Ariz. at 154 ¶ 10.

## ATTORNEY FEES AND COSTS

¶40 Berrey requests a portion of his attorney fees on appeal under A.R.S. §§ 12-348.B.1 and 11-972.B. Because Berrey is not the prevailing

party, the court denies his requests. KJEJ, *et al.* also request a portion of their attorney fees and costs on appeal under A.R.S. §§ 12-341 and -341.01. The court denies that request without prejudice for the superior court to consider including those attorney fees and costs if KJEJ, *et al.* ultimately prevail.

## CONCLUSION

¶41  The court affirms.

